UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-80 |
| | ) | |
| JAMES WENDELL ROACH, JR. | ) | |
| PATRICK JAMES SHELDON | ) | |

## **O R D E R**

This criminal matter is before the Court to address the Joint Motion to Dismiss: Governmental/ Prosecutorial Misconduct/Vindictiveness field by the defendants, James Roach, Jr. and Patrick Sheldon, and the Motion to Dismiss Based on Vindictive Prosecution filed by the defendant Patrick Sheldon. [Docs. 217 and 222]. The joint motion to dismiss is based upon the post-trial indictment of Sheldon, the "chilling effect" on a defense witness, as well as "allowing false testimony and favoritism." Sheldon's motion to dismiss is based upon the post-trial indictment of Sheldon on an additional charge. The Court will address each of these issues separately.

## **POST-TRIAL INDICTMENT OF SHELDON**

On February 8, 2006, the jury returned a verdict of not guilty on

Count 1 as to both defendants. On February 9, 2006, the jury notified the Court that it could not reach a verdict as to Counts 2 and 3, and a mistrial was declared as to those counts. On February 14, 2006 a superseding indictment was returned by the grand jury which restated Counts 2 and 3 from the original indictment as Counts 1 and 2 of the superceding indictment, and added an additional count charging Patrick James Sheldon with assisting James Wendell Roach, Jr. in an effort to hinder and prevent Mr. Roach's apprehension, trial and punishment in violation of 18 U.S.C. § 3. A retrial of these counts and a trial of the new count has been scheduled for April 5, 2006.

As an initial matter, defense counsel for the defendant Roach could not articulate a legal basis that would support the dismissal of this indictment against Roach because no additional charges were added in regard to Roach. Although, defense counsel argued that Roach's right to counsel was in some way impaired, no factual basis for this conclusory allegation was asserted. Therefore, the Court FINDS that the post trial indictment of Sheldon is no basis to dismiss this indictment against Roach.

The defendant Sheldon contends that the superseding indictment was returned adding an additional charge against him because he was told that if he did not cooperate against Roach he would be indicted on another charge.

2

However, the defendant has failed to produce objective evidence that the prosecutor acted in order to punish him for standing on his legal rights.

The Court FINDS that the facts presented here do not establish a due process violation as they pose no "realistic likelihood of vindictiveness," and the relevant inquiry in this case is whether there exists objective information in the record to justify the additional charge. *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *United States v. Poole*, 407 F.3d 767, 776 (6TH Cir. 2005). Based upon the testimony at trial that there was a "good cop" identified as Sheldon and a "bad cop", and based upon the defendants' acquittal on the conspiracy count, it is reasonable to conclude that the jury may have believed that Sheldon was not involved in the actual commission of the crimes alleged in the indictment. However, there was objective evidence that Sheldon's statement after the crimes were committed was consistent with that of Roach and that he was an accessory after the fact attempting to prevent Roach's apprehension and conviction. Therefore, the Court FINDS that there exists objective information in the record to justify the additional charge, and the joint motion to dismiss and Sheldon's motion to dismiss will not be granted on the basis of the post trial indictment of Sheldon.

## **"CHILLING EFFECT" ON A DEFENSE WITNESS**

Shortly before the trial of this case, the government sent a letter to the Department of Safety informing them that the state court order which purported to restore the citizenship rights of defense witness Charles "Mo" Swanson was a nullity because Swanson's 1989 conviction was for a federal crime. Days before the trial, Swanson received a letter from the Department of Safety revoking his gun permit. When Swanson appeared for trial, defense counsel reported that he was shaken and very reluctant to testify. Because of his mental state, defense counsel elected not to call him as a witness even though he was an essential witness in regard to the time line which was a critical part of the defense.

The Court has previously ruled that the government may not cross exam Swanson or any other defense witness, including the defendants, about Swanson's possession of a firearm even though he was a convicted felon. The Court has also ordered that the defendants' motion in limine in regard to Swanson should be treated as an application for immunity from a potential felon in possession of a firearm charge.

A defendant's right to present his own witnesses to establish a defense constitutes a fundamental element of due process which is protected by the Sixth

4

Amendment. *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Various prosecutorial actions aimed at discouraging defense witnesses from testifying may deprive a defendant of this right. *Webb v. Texas*, 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). If a witness should be discouraged from testifying because government actions have exposed him to the potential for being indicted for a crime, the proper remedy could be for the Court to grant the witness immunity for that crime. *United States v. Emuegbunam*, 268 F.3d 377, 401 (6th Cir.2001). The Court has advised the government that the Court will address this remedy if the government decides that there will be no agreement to not prosecute Swanson. The Court does not FIND that the proper remedy would be to dismiss the indictment in this case, and therefore, the defendants' joint motion to dismiss based upon witness intimidation will be denied.

## **ALLOWING FALSE TESTIMONY AND FAVORITISM**

In their joint motion, the defendants also contend that the government has permitted the victims to commit crimes, and that the government knew or should have known that Wilder Gomez Roblero was committing perjury. The defendants assert that the government endeavored to

5

interfere with the jury learning the true extent of the perjury by objecting to certain exhibits during the defense's cross examination of Gomez Roblero. In fact, the government properly objected to defense counsel's use of extrinsic evidence to impeach the defendant in regard to a collateral matter. Therefore, these allegations are not grounds for dismissal of the indictment. The determination of credibility will be left to the jury.

## **CONCLUSION**

Based upon the foregoing reasons, it is hereby **ORDERED** that the Joint Motion to Dismiss filed by the defendants and the Motion to Dismiss filed by the defendant Patrick Sheldon are **DENIED**. [Docs. 217 and 222].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE